**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HENSHALL, | No. C 09-04481 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| CENTRAL PARKING, INC., et al., | |
| Defendants. / | |

Defendants Central Parking, Inc., New South Parking, and Ampco System Parking, Inc. move to dismiss plaintiff's complaint for failure to state a claim, or in the alternative, for a more definite statement of plaintiff's claims.[1]  This matter is currently set for hearing on November 20, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.  Having considered the papers submitted, and for good cause shown, the Court GRANTS defendants' motions to dismiss.

**BACKGROUND**

Plaintiff William Henshall is a former employee of defendant Ampco System Parking, Inc. ("Ampco").  In July 2000, during plaintiff's employment with Ampco, he purported to renounce his United States citizenship.  Plaintiff believes that his renunciation of citizenship should also have permitted him to rescind his social security number.  Plaintiff wrote to Ampco on several occasions after

---

[1] Defendants also move for an order declaring plaintiff a vexatious litigant.  The Court will address this request in a separate order.

**United States District Court**
For the Northern District of California

1   renouncing his citizenship, asking Ampco to remove any reference to his social security number from

2   his employment records, and to cease withholding taxes from his earnings on the ground he was not a

3   United States citizen subject to taxation laws.  Ampco refused.

4   In June 2007, Ampco's contract to provide parking services at San Francisco International

5   Airport was awarded to defendants Central Parking, Inc. ("CPI") and New South Parking ("NSP").

6   Plaintiff applied for employment with CPI/NSP.  Plaintiff refused to submit an Internal Revenue Service

7   ("IRS") form W-4 or Department of Homeland Security ("DHS") form I-9 as a precondition to

8   employment, and CPI/NSP refused to hire plaintiff.  Subsequently, plaintiff instituted a series of

9   lawsuits against the three defendants.  He now appears before this Court for the fourth time.

10  Plaintiff's first action in this Court was *Henshall v. Central Parking, Inc.*, No. 07-4458

11  ("*Henshall I*").[2]  Plaintiff filed the complaint in that action on July 30, 2007 in the San Mateo County

12  Superior Court against defendants CPI and NSP.  Defendants removed the case to this Court.  Plaintiff

13  challenged defendants' policy of requiring him to complete the W-4 and I-9 forms as a precondition to

14  employment. On October 16, 2007, the Court granted defendants' motion to dismiss the complaint with

15  prejudice. *See* Oct. 16, 2007 Order (Docket No. 13, No. 07-4458).  The Court found that federal courts

16  have repeatedly rejected the theories advanced by plaintiff, namely, that despite being born in this

17  country, he is not a citizen of the United States and is therefore not subject to federal laws relating to

18  taxes or immigration and naturalization; that he need not provide a W-4 to a prospective employer; that

19  he is not an "employee" for purposes of the Internal Revenue Code; that he may refuse to provide his

20  social security number to a prospective employer; and that he has a constitutional right to private

21  employment. *Id.* at *3.

22  Plaintiff filed a second action against the same defendants in San Mateo County Superior Court,

23  on September 6, 2007, again challenging defendants' policy of requiring him to complete a W-4 and an

24  I-9. Defendants again removed the action to this Court. *Henshall v. Central Parking, Inc.*, No. 07-5097

25  ("*Henshall II*").  The Court dismissed the complaint with prejudice, finding that the doctrines of res

26  judicata and collateral estoppel precluded the suit. *See* Jan. 16, 2008 Order (Docket No. 56, No. 07-

27

28  [2] Defendants ask the Court to take judicial notice of documents from the prior cases involving plaintiff.  The Court finds that judicial notice of these documents is appropriate and grants the requests.

1  5097).

2  Plaintiff filed a third action, this time against Ampco and its general manager, Joy Riddle, in San

3  Mateo County Superior Court on August 1, 2008.  Defendants removed the suit to this Court.  *Henshall*

4  *v. Ampco Parking, Inc.*, No. 08-4723 ("*Henshall III*").  In his third action, plaintiff claimed that

5  renunciation of his United States citizenship in 2000 should also have allowed him to rescind his social

6  security number.  Plaintiff asserted that defendants therefore violated his rights when they kept records

7  containing his social security number, and that defendants' unlawful acts caused taxes to be improperly

8  levied against him, constituting theft of his property.  On January 21, 2009, the Court entered an order

9  dismissing the complaint with prejudice.  *See* Jan. 21, 2009 Order (Docket No. 36, No. 08-4723).  The

10  Court found that collateral estoppel precluded plaintiff from asserting that he was not a United States

11  citizen – an assertion that formed the basis of all his claims.  *Id.* at *4.  The Court further found that,

12  even if collateral estoppel did not apply, plaintiff had failed to state a claim upon which relief could be

13  granted.  *Id.* at *4-5.

14  Plaintiff filed the present action on July 2, 2009 in San Mateo County Superior Court against

15  defendants CPI, NSP, and Ampco.  Defendants removed the case to this Court.  At the center of

16  plaintiff's claims, once again, is the allegation that he is not a United States citizen and is therefore not

17  subject to federal laws relating to taxation and immigration and naturalization.  Plaintiff's complaint is

18  essentially a verbatim copy of the complaint previously dismissed with prejudice in *Henshall III*, except

19  that he adds CPI and NSP as defendants in his first cause of action, for wrongful termination, and styles

20  the claim as involving tortious interference.  Plaintiff's remaining causes of action, stated only against

21  Ampco, are for keeping false and fraudulent records, theft of property, retaliatory termination, and

22  breach of contract.  All of the claims relate to plaintiff's contention that he should be permitted to

23  rescind his social security number, have it expunged from his employment records, avoid paying taxes,

24  and decline to provide W-4 and I-9 forms to prospective employers.

25  Presently before the Court are defendants' motions to dismiss the complaint for failure to state

26  a claim, or alternatively for a more definite statement of plaintiff's claims.  As both motions to dismiss

27  raise principally the same arguments, the Court will address them together.

28

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations omitted).

**DISCUSSION**

The Court agrees with defendants that all the allegations in plaintiffs' complaint are barred by the doctrines of res judicata and collateral estoppel.  The doctrine of res judicata "bars all grounds for recovery that *could have been asserted*, whether they were or not, in a prior suit between the same parties on the same cause of action." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir.1994) (original emphasis) (citation omitted).  The party asserting res judicata must show: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  The doctrine of collateral estoppel, on the other hand, "prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005) (citation omitted).  A prior federal court decision will have preclusive effect under

4

**United States District Court**
For the Northern District of California

1   the doctrine of collateral estoppel where "(1) the issue necessarily decided at the previous proceeding

2   is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final

3   judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in

4   privity with a party at the first proceeding." *Id.* (citation omitted).

5          The sole claim asserted against CPI and NSP is for "tortious interference/wrongful termination."

6   This Court has issued a final judgment dismissing plaintiff's first suit against the same defendants,

7   *Henshall I*. In that suit, plaintiff asserted that he was not required to provide his social security number

8   or a W-4 or I-9 form to a prospective employer. Plaintiff claims in the present suit that CPI and NSP

9   "wrongfully terminated" – that is, did not hire – plaintiff because he refused to submit his social security

10  number, a W-4 form, or an I-9 form prior to the commencement of employment. Although the claim

11  is cast in slightly different terms now than it was in the prior suit, both claims rest on the identical

12  assertion that plaintiff is not a United States citizen. Because that issue was necessarily decided in the

13  prior proceeding, plaintiff is collaterally estopped from attempting to reassert the claim now.

14         Plaintiff brings five claims against Ampco: "tortious interference/wrongful termination," keeping

15  "false and fraudulent records," theft of property, retaliatory termination, and breach of contract. The

16  court previously issued a final judgment on the merits in *Henshall III*, which involved identical parties

17  and, at least with respect to the second through fifth causes of action, identical claims. Indeed,

18  plaintiff's current complaint is essentially a verbatim copy of the complaint previously dismissed with

19  prejudice in *Henshall III*, except that the first cause of action, now labeled "tortious

20  interference/wrongful termination," was previously styled solely as "wrongful termination." Despite

21  the change in moniker for the first cause of action, however, both the prior claim and the present claim

22  involve the allegation that if Ampco had complied with plaintiff's request to transmit his employment

23  records to CPI/NSP, the records would have demonstrated to CPI/NSP that plaintiff was not required

24  to submit a W-4 or I-9 form or provide his social security number prior to the commencement of

25  employment. Accordingly, collateral estoppel bars relitigation of the issues previously raised and

26  dismissed in *Henshall III*.

27         Moreover, to the extent there is any substantive difference between the wrongful termination

28  claims previously asserted and the "tortious interference" claim asserted in the current complaint, such

5

1   that collateral estoppel did not apply, plaintiff's claim would clearly be barred by res judicata.  "Newly

2   articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the

3   claims could have been brought in the earlier action." *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l*

4   *Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).  In other words, a litigant may not "avoid

5   preclusion by attaching a different legal label to an issue that has, or could have, been litigated" in a

6   prior proceeding between the same parties.  *Id.* at 1077-78.  Plaintiff's claim for wrongful termination,

7   while styled differently in its present incarnation, rests on the very same nucleus of facts as his prior

8   claims.  Therefore, plaintiff's suit is precluded by res judicata as well.

9       The Court therefore GRANTS defendants' motion. Plaintiff's complaint is DISMISSED WITH

10  PREJUDICE.

11

12                                    **CONCLUSION**

13      For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants'

14  motions to dismiss plaintiff's complaint with prejudice.  (Docket Nos. 14, 20).

15

16      **IT IS SO ORDERED.**

17

18  Dated: November 6, 2009

19                                              SUSAN ILLSTON
                                                United States District Judge

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California