United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HENSHALL,

    Plaintiff,

v.

CENTRAL PARKING, INC., et al.,

    Defendants.

No. C 09-04481 SI

**ORDER TO SHOW CAUSE**

Defendants Central Parking, Inc., New South Parking, and Ampco System Parking, Inc. move to declare plaintiff a vexatious litigant and impose a pre-filing order requiring him to obtain leave of Court before filing any additional pleadings against the same defendants based on the same subject matter. Defendant Ampco previously moved for a vexatious litigant order in a prior suit by plaintiff, *Henshall v. Ampco Parking, Inc.*, No. 08-4723. The Court denied the motion but cautioned plaintiff that it was "a close case" and that "such an order may be necessary in the future, should he persist in filing iterations of the same complaint." Jan. 21, 2009 Order at *5 (Docket No. 36, No. 08-4723). In the Court's view, the time has come to check plaintiff's repeated attempts to relitigate the same issues despite multiple orders from this Court finding that his claims have no legal basis.

**DISCUSSION**

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts have "the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted). Before imposing a pre-filing order, the court must: (1) provide the litigant

with notice and an opportunity to be heard; (2) set forth a record of the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined"; (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) ensure that the order is "narrowly tailored to closely fit the specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990).

**I.     Numerosity of Filings**

As described in detail in the Court's order dismissing plaintiff's complaint, *see* Nov. 6, 2009 Order (Docket No. 38), this action is the fourth in a series of lawsuits by which plaintiff seeks validation of the theory that, despite being born in this country, he is not a citizen of the United States and is therefore not subject to federal laws relating to taxation and to immigration and naturalization.

Plaintiff's first action in this Court was *Henshall v. Central Parking, Inc.*, No. 07-4458 ("*Henshall I*"). In *Henshall I*, plaintiff challenged defendants CPI and NSP's policy of requiring him to complete W-4 and I-9 forms as a precondition to employment. The Court granted defendants' motion to dismiss the complaint with prejudice, finding that courts have repeatedly rejected plaintiff's theory that despite being born in this country, he is not a citizen of the United States and is therefore not subject to federal laws relating to taxes or immigration and naturalization; that he need not provide a W-4, I-9, or social security number to a prospective employer; and that he has a constitutional right to private employment. *See* Oct. 16, 2007 Order at (Docket No. 13, No. 07-4458).

Plaintiff filed a second action against the same defendants, *Henshall v. Central Parking, Inc.*, No. 07-5097 ("*Henshall II*"), before the Court had even entered its order of dismissal in *Henshall I*. Plaintiff's second suit again challenged defendants' policy of requiring him to complete tax and immigration forms prior to the commencement of employment. The Court dismissed the action with prejudice, finding that the doctrines of res judicata and collateral estoppel precluded the suit. *See* Jan. 16, 2008 Order (Docket No. 56, No. 07-5097).

Plaintiff filed a third action, *Henshall v. Ampco Parking, Inc.*, No. 08-4723 ("*Henshall III*"), this time against defendant Ampco and its general manager, Joy Riddle. In *Henshall III*, plaintiff claimed that renouncing his United States citizenship should also have allowed him to rescind his social

security number, and that defendants therefore violated his rights when they kept records containing his social security number. Plaintiff claimed that defendants' unlawful acts caused taxes to be improperly levied against him, constituting theft of his property. The Court dismissed the complaint in *Henshall III* with prejudice, finding that collateral estoppel precluded plaintiff's underlying assertion that he was not a United States citizen. The Court further found that plaintiff had failed to state a claim, noting that courts have repeatedly rejected plaintiff's theories. *See* Jan. 21, 2009 Order (Docket No. 36, No. 08-4723).

Plaintiff filed the present action on July 2, 2009, claiming once again that he is not a United States citizen and is therefore not subject to federal laws relating to taxation and immigration and naturalization. Plaintiff's fourth complaint is essentially a verbatim copy of the complaint in *Henshall III*. All of the claims in the present action relate to plaintiff's contention that he should be permitted to rescind his social security number, have it expunged from his employment records, avoid paying taxes, and decline to provide W-4 and I-9 forms to prospective employers. In an order dated November 6, 2009, the Court dismissed the complaint with prejudice, finding that all of plaintiffs' claims against CPI, NSP, and Ampco are barred by collateral estoppel and res judicata. Nov. 6, 2009 Order at *5-6.

The Court finds that this history of plaintiff's repeated filings against the same group of defendants, alleging the same baseless legal theories, is sufficiently numerous and abusive of the Court's and defendants' time and resources to justify imposing a pre-filing order.

## II.  Frivolousness of Filings

To impose a pre-filing order, the Court must find not only that plaintiff's previous filings have been so numerous or abusive as to justify the order, but also that the filings are frivolous or are made for the purpose of harassing defendants or the Court. To make a finding of frivolousness, the court must examine "both the number and content of the filings." *De Long*, 912 F.3d at 1148 (citation omitted). As described above, plaintiff has filed four complaints, two against CPI and NSP, one against Ampco, and the fourth against all three defendants. Moreover, at the heart of each complaint is the assertion that plaintiff is not a United States citizen and therefore is not subject to federal tax or immigration laws. As recognized by this Court in its prior orders, this assertion has been repeatedly rejected by the courts.

*See, e.g.*, *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991). Indeed, plaintiff's claim has been so uniformly rejected, and in such unequivocal terms, as to render its assertion utterly frivolous. *Studley*, 783 F.2d at 937 n.3 ("We note that this argument has been consistently and thoroughly rejected by every branch of the government for decades. Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them."). The same is true of plaintiff's other arguments. *See* Oct. 16, 2007 Order at *3.

### III.  Narrow Tailoring

Defendants seek an order requiring plaintiff to obtain leave of the Court before filing any additional pleadings against the same defendants based on the same subject matter or legal claims at issue in *Henshall I*, *Henshall II*, *Henshall III*, and the present action. The Court finds that an order fashioned as described above would be sufficiently narrow to avoid imposing too great a limitation on plaintiff's right of access to the courts. *See De Long*, 912 F.2d at 1148.

### IV.  Notice and Opportunity to be Heard

The Court must provide plaintiff with notice and an opportunity to be heard before declaring him a vexatious litigant and imposing a pre-filing order. This order having provided plaintiff with notice of the Court's findings, plaintiff is ordered to show cause **in writing, to be filed on or before November 20, 2009,** why this Court should not declare plaintiff a vexatious litigant and impose a pre-filing order requiring him to obtain leave of Court before filing any additional pleadings against the same defendants based on the same subject matter or legal claims asserted in his prior suits. In the absence of any such filing, the Court will enter an order as described above.

**IT IS SO ORDERED.**

Dated: November 6, 2009

SUSAN ILLSTON
United States District Judge